DIF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UETH FRANCE,

                Plaintiff,

-against-

TOURO COLLEGE, SECURITAS SECURITY
SERVICES, USA, INC., WINSTON JOHNSON, and
VANESSA LINNEN,

                Defendants.
-----------------------------------------------------------X

**ORDER**

14-CV-4613 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

On August 4, 2014, Plaintiff Ueth France initiated the instant employment discrimination case against Defendants Touro College ("Touro"), Securitas Security Services USA, Inc. ("Securitas"), Winston Johnson ("Johnson"), and Vanessa Linnen ("Linnen"). (Compl. (Dkt. 1).) Plaintiff amended the Complaint on March 6, 2015. (Am. Compl. (Dkt. 27).) On April 17, 2015, Defendants Touro and Linnen moved to dismiss the Amended Complaint. (Not. of Motion (Dkt. 35); Linnen Ltr.-Mot. to Dismiss (Dkt. 36).) Plaintiff opposed the motions on June 15, 2015. (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss (Dkt. 37-5).) On August 25, 2015, Defendants Touro and Linnen filed their replies. (Touro Aff. in Supp. (Dkt. 38); Linnen Ltr.-Reply (Dkt. 39).) By Order dated October 6, 2015, the court referred the motions to Magistrate Judge Cheryl L. Pollak for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Oct. 6, 2015, Order.)

On February 16, 2016, Judge Pollak issued an R&R recommending that the court grant the motions to dismiss by Touro and Linnen, but grant Plaintiff leave to amend. (R&R (Dkt. 41).) In brief, Judge Pollak found that, as a threshold matter, Plaintiff exhausted her

1

administrative remedies as to Touro such that she can pursue her claims in federal court because the submission accompanying Plaintiff's charge of discrimination to the Equal Employment Opportunities Commission sufficiently named Touro as a respondent. (Id. at 6-11.) Judge Pollak then found that Plaintiff failed to state a claim as to Touro and Linnen because allegations in the Amended Complaint were insufficient to raise a plausible claim that there was an employer-employee relationship between Plaintiff and Touro. (Id. at 14-19.) However, Judge Pollak recommended that the court grant Plaintiff leave to amend relating to the existence of an employer-employee relationship. (Id. at 17 n.12.) Finally, in the event that Touro is determined to be Plaintiff's employer, Judge Pollak found that Plaintiff adequately pled the existence of an adverse employment action and a hostile work environment, but that she failed to state a claim for interference with protected rights under state law. (Id. at 17-26.)

In reviewing a magistrate judge's R&R, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion. U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002).

Portions of an R&R to which a party makes no objection are also reviewed for clear error. U.S. Flour Corp., 2012 WL 728227, at *2.

On February 26, 2016, Touro filed a "limited objection" and asked the court to review "the threshold issue of whether plaintiff exhausted her administrative remedies." (Touro's Ltr.-Obj. (Dkt. 44).) The court finds that Touro's objection is insufficient to trigger de novo review because it merely lists the portion of the R&R objected to but does not provide a basis for the objection. (See id.) The court thus reviews the entirety of the R&R for clear error, and finds none.

Accordingly, the court ADOPTS IN FULL the R&R, GRANTS the motions to dismiss by Defendants Touro and Linnen, and GRANTS Plaintiff leave to amend the Amended Complaint within thirty (30) days from the date of entry of this Order. Plaintiff's failure to amend in a timely fashion will result in the dismissal of Plaintiff's case with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
March 18, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge